## P. O'LEARY v. THOMAS J. BOLTON.

1. JUSTICE'S COURT — CERTIORARI. — When the justice's court renders judgment against a party, and he carries the case to the circuit court by *certiorari*, it is his duty to appear in that court at the return of the *certiorari*, and point out the errors, if any exist, and if he fail to do so, and the circuit court affirm the judgment, he cannot be allowed here to avail himself of his own negligence in allowing the affirmance by default.

ERROR to the Circuit Court of Hinds County. Hon. GEO. F. BROWN, Judge.

On the 20th day of February, 1872, a writ of garnishment was issued by J. Alexander, justice of the peace, on a certain judgment theretofore obtained in his court, wherein Thos. J. Bolton was plaintiff, and John L. Deterly was defendant. The writ recited that O'Leary was indebted to Deterly, or had effects of Deterly in his possession, and that Bolton had made oath that he did not believe that Deterly had in his possession, visible property, etc. The return on the writ is as follows: Executed this the 21st day of

February, 1872, on the within named P. O'Leary, by reading to him the contents of the writ.   On the 6th day of March, 1872, the justice made this entry on his docket.   "Judgment rendered on the 6th of March against defendant for $92."

On this judgment a writ of *fiere facias* was issued and levied on forty cords of wood as the property of O'Leary, one of the plaintiffs in error.

. O'Leary petitioned for a writ of *certiorari* on the ground that he was not notified of the place of trial when judgment was rendered, etc.   The writ was granted and the case removed to the circuit court.   At the June term of the circuit court the following judgment was entered:

"4325.   Thos. J. Bolton v. Jno. L. Deterly.

Came the plaintiff, by his attorney, and the garnishee came not, but made default; therefore it is ordered and adjudged by the court, that the plaintiff do recover judgment against the garnishee in the above cause, P. O'Leary, and T. J. Stone, the security on his *supersedeas* bond, in the sum of ninety-two dollars and interest thereon, and all costs to be taxed, for which execution may issue."   To revise this judgment, O'Leary and Stone sued out a writ of error and brought the case to this court.

The following is assigned for error, to wit:   "The circuit erred in granting judgment by default against O'Leary and Stone."

*Smith & Clifton,* for plaintiffs in error:

The circuit court could not enter judgment by default,

1.   Because there is no authority for it.   The statute is clear and explicit, and reads, "In any cause removed by *certiorari* under this act, the court shall be confined to the examination of the questions of law arising or appearing on the face of the record and proceedings.   In case of an affirmance of the judgment of the justice, the same judgment shall be given as on appeals.   In case of a reversal, the circuit court shall enter up such judgment as the justice ought to have entered, if the same is apparent; or

may *then* proceed to try the cause anew on its merits. Code 1871, section 1336.

2. The defendant in the justice's court was the plaintiff in the circuit court, and that court exercised a power which does not belong to any court in the land, to wit: the power to grant judgment by *default* against a plaintiff.

3. The circuit court was restricted to the examination of questions of law arising or appearing on the face of the record, and was compelled to affirm or reverse the judgment of the justice before it could take any further steps, neither of which it did. In case of affirmance, the same judgment should have been given as on appeal. (For which, see section 1334, Code 1871.) In case of reversal, the circuit court should have entered up such judgment as the justice ought to have entered, etc. The justice ought not to have entered judgment by default, because there was no service, or no valid service of process on O'Leary. (See return.)

4. There was no evidence before the circuit court of any indebtedness from O'Leary, the garnishee, to Deterly, the judgment debtor in the justice's court, nor was there any judgment in the papers filed by Bolton in the circuit court, ascertaining and fixing the liability of Deterly to Bolton, but a mere recital of the facts in the writ of garnishment. Nor was there any affidavit as required by the statute. (Sec. 874, Code 1871.) The judgment by default in the circuit court could not be a proper judgment under any view of the case, unless said court treated the case as a suit on the judgment obtained in the justice's court, which it seems would have been absurd. For reasons above given, we think that the court cannot affirm the judgment of the circuit court. It cannot dismiss, because there was no such power in the circuit court, either at common law or by statute, and the proceedings here have been regular, and it cannot pronounce judgment here, because there are issues of fact to be determined. We therefore ask that the cause be reversed and remanded.

No counsel marked for defendant in error.

PEYTON, C. J., delivered the opinion of the court.

In this case, a judgment was obtained by the defendant in error in a court of a justice of the peace against the plaintiff in error for the sum of ninety-two dollas. This judgment was removed to the circuit court by writ of *certiorari*, when the judgment of the justice of the peace was affirmed. And from the judgment of the circuit court the case comes here upon writ of error.

The only error assigned here is, that the circuit court erred in granting judgment by default against O'Leary and Stone.

P. O'Leary brought the case to the circuit court, and it was his duty to appear in that court at the return of the *certiorari*, and point out the errors, if any existed, and having failed to do so, he cannot be allowed here to avail himself of his own negligence in allowing an affirmance of the judgment of the justice of the peace by the circuit court.

The plaintiff in error will not be permitted to take advantage of his own default.

The judgment must be affirmed.